UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MERCER,

                Plaintiff,

        -against-

WESTCHESTER MEDICAL CENTER,

                Defendant.

21-CV-8268 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction. By order dated October 8, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The complaint sets forth the following allegations. Plaintiff was treated at the Westchester Medical Center (WMC) Behavioral Health Center from March 1, 2021, through March 17, 2021. (ECF 2 ¶ 4.) On March 15, 2021, a WMC social worker spoke with Plaintiff about "switching from involuntary status to voluntary status by signing a notice of status." (*Id.*)

> The social worker explained to the plaintiff that once he switches to voluntary status that he can write and submit to the front desk a notice of discharge, which the [WMC] social worker referred to as a 72-hour notice. The social worker also explained to the plaintiff that in order to be discharged the plaintiff has to receive an outpatient appointment by law.

(*Id.*)

The social worker also told Plaintiff that if the facility could not get an appointment with an "outside therapist that takes his Medicaid insurance policy," he "probably would not be discharged" until Monday, March 22, 2021. (*Id.*) Plaintiff submitted a "72 hour Notice" to a hospital representative, which left him "under the impression that he was going to be discharged on March 18, 2021." (*Id.*) Plaintiff also asked for a copy of the "notice of status" that he had signed earlier in the day. (*Id.* at 2.) When Plaintiff reviewed the notice of status that he had signed, however, he discovered that what he understood to be the 72-hour notice "did not apply to the patients or the plaintiff," but instead gave the director of the hospital "72 hours to apply to the courts in order to keep a misbehaved patient for 120 days while on involuntary status." (*Id.*) Plaintiff also noticed that the form included the following language:

> [W]hile on voluntary status you may at any time notify the hospital staff in writing if you would like to be discharged upon such notification you will promptly be released unless the director thinks that you meet the requirements for involuntary admission and that you therefore need to stay in which case he or she has 72 hours to ask a court for an order to keep you in the hospital."

(*Id.*)

Plaintiff realized that "the court order to keep the plaintiff would have to be submitted and approved before the notice to be discharged was submitted. (*Id.*) According to Plaintiff, the

social worker intended to commit "health care fraud" by keeping Plaintiff hospitalized "longer" than he desired or was necessary. (*Id.* ¶ 8) Although Plaintiff was ultimately released from the hospital on March 17, 2021, a day earlier than he originally expected, he alleges that WMC violated his rights under the First and Fourteenth Amendments to the United States Constitution, New York Mental Hygiene Law § 9.13 and "18 usc chapter 47 § 1035 the Misrepresentation Act of 1967." (*Id.*) Plaintiff sues Westchester County Medical Center, and seeks $5 billion in damages and "a civil penalty up to" $10,000.[1] (*Id.* at 6.)

## DISCUSSION

### A.    Due process

Involuntary hospitalization is a "massive curtailment of liberty" and therefore "requires due process protection." *Vitek v. Jones*, 445 U.S. 480, 491-92 (1980). Generally, the Fourteenth Amendment "prohibits states from involuntarily committing nondangerous mentally ill individuals," *Bolmer v. Oliveira*, 594 F.3d 134, 142 (2d Cir. 2010) (citing *O'Connor v. Donaldson*, 422 U.S. 563, 575-76 (1975)), unless an individual cannot "sustain [himself] in the community," *Project Release v. Provost*, 722 F.2d 960, 972 (2d Cir. 1983).[2]

Before involuntarily committing a mentally ill individual, New York State must (1) show that the individual poses a danger to himself or others and (2) follow numerous procedures to ensure that the commitment is appropriate. *See* N.Y. Mental Hyg. Law § 9. An individual has the right to contest his involuntary commitment in court proceedings. *See id.* at § 9.31. The Second

---

[1] Plaintiff previously filed a complaint arising from the same events, asserting claims under the False Claims Act (FCA), 31 U.S.C. § 3729. *See Mercer v. Westchester Cnty. Medical Ctr.*, ECF 1:21-CV-2961, 4 (LTS) (S.D.N.Y. May 7, 2021) (dismissing *qui tam* claims under the FCA for lack of statutory standing).

[2] Plaintiff also invokes the First Amendment, but asserts no facts suggesting a basis for such a claim.

Circuit has held that the provisions of the New York State Mental Hygiene Law are "facially" constitutional. *Project Release*, 722 F.2d at 971.

Here, Plaintiff does not allege any facts suggesting that a state actor violated his due process rights with respect to his involuntary commitment. Rather, Plaintiff alleges that a WMC social worker misrepresented provisions of the New York State Mental Health Law, which could have, but in the end did not, lead to an unnecessary extension of his hospitalization. This sole allegation, however, is insufficient to state a claim that an individual violated Plaintiff's due process rights.[3]

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint to state facts in support of his claim that his due process rights were violated during his involuntary commitment.[4]

---

[3] To the extent Plaintiff is asserting that the social worker violated New York State law, such a violation, without more, does not give rise to a claim under Section 1983. *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) (" [A] violation of state law is not cognizable under § 1983." ); *Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. 2003) ("Violations of state law procedural requirements do not alone constitute a deprivation of due process since federal constitutional standards rather than state law define the requirements of procedural due process." ) (internal quotation omitted); *see also Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) (" [S]tate statutes do not create federally protected due process entitlements to specific state-mandated procedures." ).

[4] WMC is owned and maintained by the Westchester County Health Care Corporation (WCHCC), a public benefit corporation created pursuant to New York Public Authorities Law § 3303. *See* N.Y. Pub. Auth. Law §§ 3301 & 3303. WCHCC is a suable entity, *Quinones v. City of New York*, No. 16-CV-985 (GBD) (DCF), 2017 WL 1322205, at *11 n.14 (S.D.N.Y. Jan. 6, 2017) (citation omitted), *adopted by* 2017 WL 775851 (S.D.N.Y. Feb. 28, 2017); *see also* N.Y. Pub. Auth. Law § 3305(1) (noting that WCHCC shall have the power "to sue and be sued"), and WCHCC and its employees are state actors for purposes of Section 1983 liability. *See Festa v. Westchester Medical Center Health Network*, 380 F. Supp. 3d 308, 322 (S.D.N.Y. 2019); *Mejia v. New York City Health & Hosps. Corp.*, No. 16-CV-9706 (LJL), 2018 WL 3442977, at *5 (S.D.N.Y. July 17, 2018) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)).

**B.      Health care fraud or Medicaid fraud**

Plaintiff's claim that the social worker intended to commit health care fraud or Medicaid fraud also does not give rise to a viable claim. As a federally funded program, Medicaid is subject to the federal health care fraud statute, 42 U.S.C. § 1320a-7b. But the fraud statute does not provide private individuals with the right to bring a cause of action to enforce its provisions. *See Riddles v. Parakh*, No. 08-CV-2373, 2008 WL 4298318, at *2 (E.D.N.Y. Sept. 16, 2008); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 78-79 (D. Conn. 2007) (dismissing claims for lack of subject matter jurisdiction because the plaintiffs did not have standing to invoke a cause of action for Medicare and Medicaid fraud); *Donovan v. Rothman*, 106 F. Supp. 2d 513, 516 (S.D.N.Y. 2000) ("There is no private cause of action to redress violations of . . . § 1320a-7b.").

To the extent Plaintiff's assertions could be read as seeking relief under the Medicaid anti-fraud statute, he has no private right of action under that statute.

**C.      State law claims**

Plaintiff invokes the Court's diversity jurisdiction, but he does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding diversity of citizenship. Thus, the Court lacks diversity jurisdiction over any state law claims Plaintiff may wish to assert.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

It is not clear that Plaintiff can state a federal claim over which the Court has original jurisdiction. Thus, the Court will decide at a later stage whether to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## D.     Leave to replead

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts " should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say at this stage that an amendment would be futile, the Court grants Plaintiff thirty days' leave to replead his due process claim.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

a) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

b) a description of the injuries Plaintiff suffered; and

c) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-8268 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the

time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 29, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
               (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name               Middle Initial       Last Name

_____
Street Address

_____
County, City                  State          Zip Code

_____
Telephone Number         Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                            State                    Zip Code

Defendant 2: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                            State                    Zip Code

Defendant 3: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                            State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.