UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT MERCER,

                Plaintiff,

-against-

WESTCHESTER MEDICAL CENTER,

                Defendant.

21-CV-8268 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendants violated his rights. By order dated November 29, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on January 27, 2022, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND AND DISCUSSION

Plaintiff filed this action in connection with psychiatric treatment he received at the Westchester Medical Center (WMC) Behavioral Health Center from March 1, 2021, through March 17, 2021. (ECF 2 ¶ 4.) In the original complaint naming WMC, Plaintiff alleged that a WMC social worker spoke with him about "switching from involuntary status to voluntary status by signing a notice of status." (*Id.*) According to Plaintiff, the social worker misrepresented provisions of the New York State Mental Health Law, and did so with the intention to commit "health care fraud" by keeping Plaintiff hospitalized "longer" than he desired or was necessary. (*Id.* ¶ 8) Although Plaintiff was ultimately released from the hospital on March 17, 2021, a day earlier than he originally expected, he alleges that WMC violated his rights under the First and Fourteenth Amendments to the United States Constitution, New York Mental Hygiene Law

§ 9.13 and "18 usc chapter 47 § 1035 the Misrepresentation Act of 1967." (*Id.*) Plaintiff sought money damages.[1] (*Id.* at 6.)

By order dated November 29, 2021, the Court: (1) construed Plaintiff's allegations as asserting that Defendant violated his right to due process under the Fourteenth Amendment, but held that the facts alleged did not give rise to a viable due process claim; (2) held that the facts did not suggest a violation of Plaintiff's First Amendment rights; (3) held that, even if the social worker misrepresented provisions of state law, her actions did not ultimately extend Plaintiff's hospitalization, and a violation of state law, without more, does not give rise to a claim under the Court's federal question jurisdiction; and (4) held that there was no private right of action arising out of Plaintiff's claim that Defendant had engaged in health care fraud or Medicaid fraud. The Court granted Plaintiff leave to file an amended complaint to replead his claims. (ECF 4.).

In the amended complaint, filed on January 27, 2022, Plaintiff invokes the Court's federal question jurisdiction and diversity jurisdiction and, although Plaintiff provided more details about what occurred, his allegations are essentially the same as those asserted in the original pleading. (ECF 7.) Because the amended complaint is substantially similar to the original complaint and the new facts do not change the Court's prior analysis, Plaintiff's constitutional claims arising under the Court's federal question jurisdiction are dismissed for failure to state a claim on which relief may be granted.

Insofar as Plaintiff seeks to assert state law claims, he does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. §

---

[1] Plaintiff previously filed a complaint arising from the same events, asserting claims under the False Claims Act (FCA), 31 U.S.C. § 3729. *See Mercer v. Westchester Cnty. Medical Ctr.*, ECF 1:21-CV-2961, 4 (LTS) (S.D.N.Y. May 7, 2021) (dismissing *qui tam* claims under the FCA for lack of statutory standing).

1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's action, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 22, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                       Chief United States District Judge